IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AUTOMATED FACILITIES MANAGEMENT CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12 C 1555 |
| COMPUTER POWER SOFTWARE GROUP, INC. dba TODAY SYSTEMS | ) ) ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff Automated Facilities Management Corporation, as and for its Complaint in this matter, alleges as follows:

## JURISDICTION

1. This is a Complaint for infringement of a United States patent. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

## PARTIES

2. Plaintiff Automated Facilities Management Corporation is a corporation duly organized and existing under the laws of the State of Texas.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant IFS North America, Inc., purports to be a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Itasca, Illinois.

## FACTS

4. Plaintiff is the owner of United States Patent No. 7,548,970 (the "'970 Patent").

5. Businesses that desire to practice Plaintiff's patent legally and with respect for Plaintiff's legal rights have entered into license agreements with Plaintiff. Any entity, such as Defendant, which disregards Plaintiff's legal rights by practicing Plaintiff's patents without entering into a license agreement with Plaintiff is being unfair to the competitors that have entered such agreements because it is refusing to incur legitimate expenses that Plaintiff's licensees have agreed to pay.

6. Defendant makes commercially available within the United States a product that it calls "IFS Applications."

7. Defendant makes, uses, sells, and offers for sale IFS Applications within the United States, or imports it into the United States, within the meaning of United States patent law.

8. Plaintiff has not consented to Defendant practicing its patents.

## FIRST CAUSE OF ACTION

### (Patent Infringement of the '970 Patent)

9. Plaintiff incorporates paragraphs 1 through 8 of this Complaint as though set forth in full.

10. Making, using, selling, offering to sell IFS Applications within the United States, or importing it into the United States, without Plaintiff's consent is an act of patent infringement.

11. By making, using, selling, or offering for sale IFS Applications, among other products or services, within the United States, Defendant is infringing and has infringed the '970 Patent.

12. Defendants' customers who use IFS Applications, among other products or services, within the United States directly infringe the '970 Patent.

13. Defendant has induced its customers for IFS Applications, among other products or services, to directly infringe the '970 Patent.

14. Defendant is liable for contributory infringement of the '970 Patent in connection with its customers' direct infringement of the '970 Patent.

15. Defendant is therefore liable to Plaintiff for damages in an amount to be determined at trial but in any event no less than $5 million.

16. Plaintiff is entitled to a permanent injunction to prevent Defendant from making, using, selling, or offering for sale within the United States, or importing into the United States, its IFS Applications, or any other product that infringes the '970 Patent, and also to prevent Defendant from inducing or contributing to the infringement of the '970 Patent.

Wherefore Plaintiff prays for judgment as follows:

a. For judgment in favor of Plaintiff, ordering Defendant to pay compensatory damages in an amount to be proven at trial but no less than $5 million;

b. For an order permanently enjoining Defendant, and anyone acting in concert or participation therewith, during the term of the '970 Patent, from making, using, selling, or offering to sell within the United States, or importing into the United States, IFS Applications, or any other product that infringes the '970 Patent, and further permanently enjoining Defendant, and anyone acting in concert or participation therewith, during the term of the '970 Patent, from inducing or contributing to the infringement of the '970 Patent;

c. For prejudgment at the legal rate, accruing from a date no later than June 16, 2009;

d. For costs of suit; and

e. For such further relief as justice may require.

                                              RESPECTFULLY SUBMITTED,

                                              /s/ Michael Kanovitz_____

Jon Loevy  
Michael Kanovitz  
Vincenzo Field  
LOEVY & LOEVY  
312 North May Street  
Suite 100  
Chicago, IL 60607  
Ph: (312) 243-5900  
Fx: (312) 243-5902