Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1555 | **DATE** | 3/8/2012 |
| **CASE TITLE** | Automated Facilities vs. Computer Power Software | | |

**DOCKET ENTRY TEXT**

A status hearing is set for April 24, 2012 at 9:00 a.m.

■[ For further details see text below.]                                                    Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

This order is being entered shortly after the filing of the Complaint. Counsel for plaintiff(s) are ordered to cause a copy of this order to be delivered forthwith to each defendant in the same manner that process has been or is being served on such defendant.

There will be a status hearing--a "scheduling conference", as that term is used in attached Fed. R. Civ. P. ("Rule") 16(b), at 9:00 a.m. on April 24, 2012 (the "Status Hearing Date"). Counsel for plaintiff(s) and for each defendant that has been served with process or has appeared at least 28 days before that Status Hearing Date are ordered to meet not later than 14 days before the Status Hearing Date to comply with the provisions of attached Rules 26(f) and 26(a)( c) and this District Court's LR 26.1 (also attached). Counsel for the parties are urged to undertake serious settlement efforts before the scheduled Status Hearing when no major investment in counsel's time (and clients' money) has yet taken place. If such efforts are unsuccessful, counsel should be prepared to attend the scheduled Status Hearing prepared to discuss briefly their proposed discovery plan and other subjects appropriate for inclusion in the scheduling order as referred to in Rule 16(b).

Although this Court will not set a close-of-discovery scheduling order until both sides have a good sense of the time needed for that purpose, the parties are urged to join in setting their own target dates in that respect at their initial Rule 26(f) conference and to review those target dates regularly during the discovery process. Special attention must be given to the December 1, 2006 amendments to Rules 26(f), 26(a)(1), 34 and 45 that deal with electronically stored information (ESI) and that establish obligations for both lawyers and clients, and to the impact of the Rule 26 amendments on the scope of discovery under other provisions of Rule 26 (see Rules 26(a)(1), (b)(2) and (b)(5)). Counsel should also become familiar with the helpful Committee Notes dealing with the 2006 amendments.

If any party is unrepresented by counsel, that party must comply with this order personally. Counsel's attention is specifically called to this Court's directive attached to LR 26.1.

## STATEMENT

**Federal Rules of Civil Procedure**

**Rule 16.  Pretrial Conferences; Scheduling; Management**

**(b) Scheduling and Planning.**  Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time

**(1)** to join other parties and to amend the pleadings;
**(2)** to file motions; and
**(3)** to complete discovery.

The scheduling order may also include

**(4)** modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;
**(5)** provisions for disclosure or discovery of electronically stored information;
**(6)** any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;
**(7)** the date or dates for conferences before trial, a final pre-trial conference, and trial; and
**(8)** any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant.  A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

**Rule 26.  General Provisions Governing Discovery; Duty of Disclosure**

**(f) Conference of Parties; Planning for Discovery.**  Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:

**(1)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:
**(2)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
**(3)** any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;
**(4)** any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order;
**(5)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and
**(6)** any other orders that should be entered by the court under Rule 26© or under Rule 16(b) and ©.

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.  A court may order that the parties or attorneys attend the conference in person.  If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (I) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**STATEMENT**

LOCAL RULE 26.2 SCHEDULING CONFERENCE

Rule 26(f) Meeting.  Rule 26(f) meetings may be conducted by telephone.  Unless otherwise ordered by the court (1) parties need not present a written report outlining the discovery plan at the preliminary pretrial conference, and (2) the initial status hearing shall be the scheduling conference referred to in Fed. R. Civ. P. 26(f).

[NOTE: Judge Shadur expressly directs that no written report, as referred to in LR 26.1(I), be filed before or at the Status Hearing Date referred to in his initial memorandum order.  As that order reflects, that subject will be discussed briefly at the Status Hearing Date.]

**STATEMENT**

## STATEMENT

**STATEMENT**

Rule 26.   General Provisions Governing Discovery; Duty of Disclosure

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

(iv) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to proceedings in other courts; and

(ix) an action to enforce an arbitration award.

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures—if any—are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.